UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

TAMMY SCHMIDT,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　Case No.:  08-230

EAGLE WASTE & RECYCLING, INC.,

    Defendant.

## ANSWER

Defendant, EAGLE WASTE & RECYCLING, INC., ("Eagle"), by its attorneys, DAVIS & KUELTHAU, S.C., answers plaintiff's complaint as follows:

### PARTIES

1.    Upon representation of plaintiff's counsel, defendant admits the allegations in paragraph 1.

2.    Answering paragraph 2, defendant admits that its street address is as stated, but denies that the street address is an acceptable mailing address.  Defendant affirmatively asserts that its mailing address is P. O. Box 729, Eagle River, WI 54521.  Defendant admits the remaining allegations in paragraph 2.

### JURISDICTION

3.    Defendant admits the allegations in paragraph 3.

4.    Answering paragraph 4, defendant denies that plaintiff's title was sales and marketing manager.  Defendant admits the remaining allegations in paragraph 4.

## VENUE

5.     Answering paragraph 5, defendant denies that the proper venue for this matter is Circuit Court of Vilas County, Wisconsin.  The defendant denies that the act or omissions complained of occurred.  The defendant admits that the allegations place venue within the geographic boundaries of Vilas County, Wisconsin which are within the Western District of Wisconsin.

## ANSWER TO PLAINTIFF'S CAUSE OF ACTION AGAINST EAGLE WASTE & RECYCLING, INC. FOR ALLEGED FAILURE TO PAY PLAINTIFF

6.     Eagle realleges its responses to paragraphs 1 through 5 of plaintiff's Complaint as if fully set forth herein.

7.     Defendant objects to the allegations contained in paragraph 6 on the grounds that they call for a legal conclusion.  To the extent that a response is required, and without waiving the foregoing objection, Defendant denies the allegations in paragraph 6.

8.     Defendant denies the allegations in paragraph 7.

9.     Defendant objects to the allegations contained in paragraph 8 on the grounds that they call for a legal conclusion.  To the extent that a response is required, and without waiving the foregoing objection, Defendant denies the allegations in paragraph 8.

10.    Defendant denies the allegations in paragraph 9.

11.    Answering paragraph 10, defendant denies that plaintiff is owed any monetary compensation.  Defendant also denies the existence of any record establishing amounts due.  Defendant admits the remaining allegations contained in paragraph 10.

12.    Defendant objects to the allegations contained in paragraph 11 on the grounds that they call for a legal conclusion.  To the extent that a response is required, and without waiving the foregoing objection, Defendant denies the allegations in paragraph 11.

13. Answering paragraph 12, defendant admits that a portion of plaintiff's compensation was in the form of commissions. Defendant denies the remaining allegations in paragraph 12.

14. Defendant denies the allegations in paragraph 13.

15. Defendant lacks sufficient information to form a belief as to the truth of the allegations in paragraph 14 and accordingly denies same.

16. Defendant lacks sufficient information to form a belief as to the truth of the allegations in paragraph 15 and accordingly denies same.

## **PRAYER FOR RELIEF**

17. Defendant asserts that paragraph A contains only a prayer for relief to which defendant need not respond; to the extent that a response is necessary, defendant denies all allegations contained in paragraph A.

18. Defendant asserts that paragraph B contains only a prayer for relief to which defendant need not respond; to the extent that a response is necessary, defendant denies all allegations contained in paragraph B.

19. Defendant asserts that paragraph C contains only a prayer for relief to which defendant need not respond; to the extent that a response is necessary, defendant denies all allegations contained in paragraph C.

20. Defendant asserts that paragraph D contains only a prayer for relief to which defendant need not respond; to the extent that a response is necessary, defendant denies all allegations contained in paragraph D.

## **AFFIRMATIVE DEFENSES**

As affirmative defenses to the plaintiff's complaint, defendant states:

1. Upon information and belief, plaintiff's complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred by the statute of limitations.

3. Plaintiff's claims are barred by the doctrine of estoppel.

4. Plaintiff's claims are barred by the doctrine of laches.

5. Plaintiff's claims are barred by the doctrine of waiver.

6. Plaintiff has failed to mitigate her damages.

WHEREFORE, defendant requests this Court dismiss the plaintiff's complaint in its entirety, with prejudice, and award the defendant their actual costs and attorneys' fees and such other relief as the Court deems just.

Dated:  April 23, 2008.

DAVIS & KUELTHAU, S.C.


By: ___s/_____
Daniel G. Vliet (State Bar No. 1010154)
Geoffrey S. Trotier (State Bar No. 1047083)
ATTORNEYS FOR DEFENDANT
111 East Kilbourn Avenue, Suite 1400
Milwaukee, WI  53202-6613
(414) 276-0200


Direct Contact Information

Daniel G. Vliet        Tel:  414-225-1422
                       Fax:  414-278-3622
                       dvliet@dkattorneys.com

Geoffrey S. Trotier    Tel:  414-225-1484
                       Fax:  414-278-3684
                       gtrotier@dkattorneys.com

4